Dunn's Trustee v. McAlpin & Co.

CASE 11—PETITION EQUITY—APRIL 3.

# Dunn's Trustee v. McAlpin & Co.

APPEAL FROM MADISON CIRCUIT COURT.

1. ATTACHMENTS.—Where there are two or more obligors in a note within the jurisdiction of this State, the creditor can not have an attachment against any one of them under subsection 2 of section 194 of the Civil Code without alleging as to all that they have not property enough in the State subject to execution to satisfy plaintiff's demand, and that its collection will be endangered by delay. It is not sufficient to make this allegation as to the defendant against whom the attachment is sought merely.

2. SAME.—To authorize an attachment upon that ground, it is not sufficient that the debtor has not enough property subject to execution to satisfy plaintiff's demand; it must also be alleged and proved that the collection of the demand will be endangered by delay; and while the former fact ordinarily raises a presumption of the existence of the latter, that presumption may be overcome.

3. SAME.—If sufficient grounds of attachment are not alleged, proof upon the subject will not be considered.

C. H. BRECK AND J. A. SULLIVAN FOR APPELLANT.

1. The proof does not sustain the allegation that there was "no property in this State subject to execution, or not enough thereof to satisfy plaintiff's claim." (9 Ky. Law Rep., 765.)

The provision of the Code under which the atttachment in this case was issued should either be limited to a case where there is only one obligor, or, if there is more than one, the allegation and proof should show that the property subject to execution, owned by *all* the obligors together, did not, in the aggregate, amount to as much as plaintiff's demand.

This extraordinary proceeding should not be sustained, unless clearly authorized by the law under which the attachment is issued. (Jenkins v. Jackson Brothers, 8 Bush, 373; Burdette v. Phillips Brothers, 78 Ky., 246.)

2. To sustain the attachment it is necessary to show not only the insufficiency of property to satisfy plaintiff's demand, but that "the collection of the demand will be endangered by the delay in obtaining judgment, or a return of no property found." One of these conditions is not necessarily the concomitant of the other. (Francis v. Burnett, 84 Ky., 23; Civil Code, sec. 439, *et seq.*)

In order to establish the fact that the collection of the demand will

Dunn's Trustee v. McAlpin & Co.

be endangered by delay, the creditor must show that the debtor is guilty of an act, or about to commit some act, that amounts to actual or constructive fraud.

3. The appeal was properly granted. The statement required by section 739 of the Code was not essential to the granting of the appeal; and the appeal, having been granted in time, is not barred by limitation, although no statement was filed until after the time for granting appeal had expired. (Civil Code, secs. 734, 738, 739, 740, 745; Jones v Finnell, 8 Bush, 25; Bush v. Lisle, &c., 86 Ky., 504.)

JOHN BENNETT FOR APPELLEES.

1. The appellant having failed to file the statement required by section 739 of the Code, until after the time for granting appeal had expired,. his appeal is barred by limitation. The mere granting of the appeal without filing the statement necessary to authorize the clerk to docket. it will not stop the running of the statute. (Civil Code, secs. 739, 740, 745; Clark v. Kellar, 3 Bush, 223.)

2. To sustain the attachment it is not necessary to allege and prove that. the property of both the obligors liable to execution is insufficient to satisfy the plaintiff's demand.

Where several persons are liable for the same debt, any one or more of them in relation to whom any ground of attachment exists. may be proceeded against by attachment without so proceeding against the others. (Wait's Actions and Defenses, vol. 1, art. 5, sec. 1, 415; Idem, sec. 5, p. 419; Austin v. Burgett, 10 Iowa, 302; Chittenden v. Hobbs, 9 Iowa, 417; Brewster v. Honingsberger, 2 Code R. (N. Y.), 50; McHenry v. Cawthorn, 4 Heisk., 508; Lobdell v. Bushnell, 24 La. Ann., 295; Conklin v. Harris, 5 Ala., 213; Wiley v. Sledge, 8 Ga., 532; Jefferson County Court v. Swain, 5 Kansas, 876; Drake on Attachments, sec. 35; Wade on Attachments, vol. 1, sec. 52, p. 52; Mundy v. Mundy, MS. Op., June, 1855, cited in Myers' Code, p. 444, note A.)

This case is not analogous to that of Francis v. Burnett, 84 Ky., 23.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

R. G. Dunn and J. O. Dunn were sued and served with process as co-obligors on a note for two thousand one hundred dollars, executed to the appellees. An attachment was obtained against the property of R. G. Dunn alone, upon grounds alleged against him alone, which were, that said Dunn had "no property in this State subject to execution, or not enough

thereof to satisfy the plaintiff's (appellee's) demand, and the collection of the demand will be endangered by delay in obtaining judgment, or a return of no property found."

Subsection 2, section 194, Civil Code, authorizes an attachment upon these grounds. But, as it will be readily seen, two things must concur in order to authorize the issual of an attachment, and the sustaining of it, under said subsection of the Civil Code. These two things are, first, the defendant has no property in this State subject to execution, or not enough thereof to satisfy the plaintiff's demand; and second, the collection of the demand will be endangered by delay in obtaining judgment, or a return of no property found.

As said, these two things must concur in order to authorize a proceeding under said subsection, and the concurrence of these two things must be both alleged and proven, else the attachment can not be sustained under said subsection. It is true that, ordinarily, proof under said subsection to the effect that the defendant has no property in this State subject to execution, or not enough thereof to pay the plaintiff's demand, is *prima facie* sufficient to sustain the allegation that the demand will be endangered by delay in obtaining judgment, or a return of no property found. This ground of attachment is not given upon the idea that the defendant is a wrong-doer, or contemplates any wrong-doing in reference to his creditors. He may be never so innocent, but, nevertheless, by reason of his sheer inability, though his honesty of purpose is unquestioned, he may be subjected to this

extraordinary remedy. As intimated, the proof of the fact that the debtor has not property enough in this State subject to execution to pay the demand of his creditor is *prima facie* sufficient to sustain the allegation that the demand will be endangered by delay, &c., but it is only *prima facie* evidence of such fact. For it is well known that a person may not have as much as a dollar's worth of property subject to execution, and be, nevertheless, perfectly responsible for the debts against him; and such person's business habits and integrity may be so well established that the debts against him will be in nowise endangered by reason of the fact that he has not property enough in this State subject to execution to satisfy them. It would be a harsh rule, indeed, to put the thumbscrews—extraordinary remedies—to such person upon the ground that he had not property enough in this State subject to execution to satisfy his creditor's demand, although he was perfectly able to pay the demand, and had manifested no disposition not to do so. So, ordinarily, the lack of property enough in this State subject to execution to pay the demand is *prima facie* evidence that the demand will be endangered by delay, &c.; but this *prima facie* case may be rebutted by showing that defendant was, notwithstanding his lack of property subject to execution, both able and willing to pay the demand. A person having no property subject to execution, but a plenty of means not subject to execution with which to pay the demands against him, may be regarded, in the eye of the law, as not so safe as another person who has ample estate subject to execution with which

to pay the demands against him; but, in fact, the demands against the former may be just as safe, in fact more safe, as the demands against the latter. So it would be contrary to all the practicable business purposes of life to hold that the former would be subject to attachment and the latter would not be subject to it. This *prima facie* case proceeds upon the idea that, to the extent that a person is unable to furnish property subject to execution to the sheriff for the purpose of paying the demand against him, he is insolvent, and the demand will, therefore, be endangered by delay. But, as said, this presumption may be rebutted by showing that, although the property subject to execution was not sufficient, &c., the person was both able and willing to pay the demand, and, for that reason, was not subject to this extraordinary remedy.

As said, a *prima facie* case must be made out; but where two or more co-obligors are sued on the same debt, does the allegation and proof of it as to one of them not having a sufficiency of property in this State subject to execution, and that the demand will be endangered by delay, authorize an attachment against him? We think not. Suppose the other co-obligors had ample property subject to execution with which to pay the demand, could it then be truthfully said that the demand would be endangered by the delay? We think not. Would it, in that case, be contended that the Code had reference to the demand being endangered by delay, etc., so far as defendant, who was attached, was concerned, and not the other defendants? The Code has no qualifying words of this or any other kind.

Where all of the co-obligors are solvent save one of them, and the demand is not endangered by delay, it is presumed that the codifiers did not intend to authorize an attachment against said insolvent one upon the ground that he alone did not have property enough in this State subject to execution, and that the demand as to him would be endangered by delay, etc. Such a construction would be absurd. It seems the plain meaning of the Code is, that the demand must, in reference to all of the obligors subject to the jurisdiction of the State, be endangered by delay, etc., else an attachment can not be sustained against any one of them. Where one of the defendants is about to dispose of his property, with a fraudulent intent to cheat his creditors, the creditors may have an attachment against him, notwithstanding there are other co-obligors amply good for the debt, and it is not endangered by delay, etc. This right is allowed the creditors by the Code. To entitle them to this remedy they do not have to allege and prove that their demands will be endangered by delay. All they have to allege in reference to the particular debtor is, that he has done, or is about to do, some act supposed, so far as he is concerned, to be hurtful to the rights of the creditors, or that he is beyond the reach of his creditors by means of the process of the State; but in a case like the present the defendant's misfortune in not having property enough to pay the demand does not subject him to this extraordinary remedy, unless the additional allegation that the demand will be endangered by delay, etc., is made, which must be proven, if denied, before an attachment can be ob-

tained or sustained.  If there are two or more obligors subject to the process of the State, the allegation must be made, and the proof must show, that they not only have not property in this State subject to execution sufficient to pay the demand, but it will be endangered by delay, etc.  No allegation of the kind was made in reference to J. O. Dunn.  The presumption is, that it could not be made as to him, else it would have been.  Therefore, upon the face of the pleading, the action is devoid of any ground of attachment whatever.

But it is said the proof shows that B. G. Dunn, after the appellee obtained the attachment, made an assignment for the benefit of his creditors, and J. O. Dunn also, some time prior thereto, made an assignment for the benefit of his creditors ; that these things show the appellee's demand was endangered by delay, etc.  As said, there is no allegation as to J. O. Dunn not having property enough subject to execution, etc., to satisfy the demand.  Without this allegation we can not consider any proof in reference to that matter. This is for the reason that the proof of a substantive fact, without an allegation to support it, is never allowed.

The judgment sustaining the attachment is reversed, with directions that the attachment be dismissed.