CASE 65—PETITION ORDINARY—JUNE 9.

# Downs v. Ringgold, &c.

APPEAL FROM CALLOWAY CIRCUIT COURT.

1. ATTACHMENTS—GROUNDS FOR—EVIDENCE NECESSARY TO SUPPORT. —Evidence that a debtor has not sufficient property subject to execution to pay the plaintiff's demands is *prima facie* evidence that the demand will be endangered by the delay in obtaining a judgment or a return of no property found; but it may be rebutted by showing the debtor's ability and willingness to pay his debts and by showing his business standing and integrity in the community.

SIMS, COLEMAN & KEYS FOR APPELLANT.

1. The fact that appellant had no property in this State subject to execution was not sufficient evidence upon which to sustain the grounds of attachment, in view of the fact that he had always had good credit, and was a man of established business integrity, there being nothing to show that the debts of appellees would be endangered by the delay. Robinson v. McInteer, 15 Ky. Law Rept., 128.

Downs v. Ringgold, &c.

REED, GREER & OLIVER for appellees.

1. The evidence in this case shows that the appellant had no prop-
   erty subject to execution and shows suspicious circumstances
   which prove that the debts of appellees would have been en-
   dangered by delay, and therefore the authority cited by coun-
   sel for appellant has no application.

JUDGE WHITE delivered the opinion of the court.

The appellees, Ringgold & Co. and Geo. A. Hart and oth-
ers, some ten in number, brought their action in the Callo-
way Circuit Court against appellant Downs for debts due
them, and each sued out attachments against appellant and
caused the same to be levied and garnishees summoned.
No defense was made to the several demands of appellees,
and judgments were rendered on the demands. The grounds
of the attachments in each case were by the affidavit of ap-
pellant controverted and all of said cases, for the purposes
of the trial of the attachment branch, were consolidated
and heard together. Upon the hearing the court sustained
each of said attachments, and from the judgment sustain-
ing the attachments the appellant, Downs, has appealed to
this court, and asks a reversal.

The grounds filed by the appellees to obtain their sev-
eral attachments are under sections 7 and 8 of subdivision
1 of section 194 of the Code, and also "that the defendant,
J. S. Downs, has no. property in this State subject to ex-
ecution, or not enough to satisfy plaintiff's claim and de-
mands herein sued on, and the collection of their debt will
be endangered by delay of obtaining judgment and return
of no property found."

The lower court in its judgment held that the proof failed

to sustain the grounds of the attachment that defendant was about to dispose of his property or had done so, and the correctness of this portion of his judgment is not questioned on this appeal. But the court in its judgment recites that the attachment was sustained alone on the ground that defendant did not own sufficient property subject to execution in this State to satisfy the demand of plaintiff and his demand would be endangered by the delay in obtaining a judgment and return of no property found.

The proof in the case shows that appellant was a merchant and doing business at a small town in Calloway county, called Almo; that he owned the house in which he conducted his business as a merchant; that his stock of goods according to his estimate, which is not controverted, was worth $2,500; that he had insurance on his house for the sum of $500 and on his stock of goods for $1,000; that appellant owed about $700 and there was due him on notes and accounts from his various customers $1,000; that a few days before the attachments were sued out on February 5, 1894, appellant's house and goods were destroyed by fire; that after the burning of appellant's house and goods he had only left in tangible property the lots on which the house stood, worth $90, and a buggy, worth about $30, not being enough to pay the demands of any of the appellees.

The facts as shown clearly establish the fact that appellant did not own sufficient property subject to execution to pay appellees' demands, and unless the proof shows that the demands would be endangered by delay in obtaining judgment and return of execution "no property," then the attachment could not be sustained.

It was held by this court in the case of Dunn, Trustee
v. McAlpin & Co., 90 Ky., 78, "ordinarily the lack of prop-
erty enough in this State subject to execution to pay the de-
mand is *prima facie* evidence that the demand will be en-
dangered by delay, etc." But this *prima facie* case may be
rebutted by showing that defendant was, notwithstanding
his lack of property, subject to execution, both able and
willing to pay the demand. In the same case the court also
said: "As intimated, the proof of the fact that the debtor
has not property enough in this State subject to execution
to pay the demand of his creditor is *prima facie* sufficient to
sustain the allegation that the demand will be endangered
by delay, etc., but it is only *prima facie* evidence of such
fact. For it is well known that a person may not have as
much as a dollar's worth of property subject to execution,
and be, nevertheless, perfectly responsible for the debts
against him; and such person's business habits and integ-
rity may be so well established that the debts against him
will be in no wise endangered by reason of the fact that he
has not property enough in this State subject to execution
to satisfy them. It would be a harsh rule, indeed, to put
the thumbscrews—extraordinary remedies—to such person
upon the ground that he had not property enough in this
State subject to execution to satisfy his creditors' demands,
although he was perfectly able to pay the demand and had
manifested no disposition not to do so."

It was also held by the Superior Court, in the case of Rob-
inson & Co., v. McInteer, &c., 15 Ky. Law Rep., 128: "A few
days before the issuance of the attachment in this case de-
fendant's storehouse and stock of goods were burned, he at the

time carrying thereon a policy of insurance for $1,200. In addition to the insurance he owned in cash and accounts $1,000. He had always had good credit and was a man of established integrity. Held—That the collection of plaintiff's demand of $228.65 would not have been endangered by delay."

It is now well settled that the mere fact that a debtor has not sufficient property subject to execution to pay the demand is only *prima facie* proof that the demand will be endangered by the delay in obtaining judgment and return of no property found, and the same may be rebutted by showing the debtor's ability and willingness to pay and by showing his business standing and integrity in the community.

The appellant at the time of the attachment did not owe more than $700, none of which was of longer standing than two months; he testified that he had written to all his creditors the night after the fire that consumed his property that he would pay them all that he owed them as soon as he collected the insurance or his notes and accounts. Appellant introduced as witnesses N. T. Hale, J. C. McElrath and J. A. Futrell and offered to prove by them that he (Downs) had always had good credit and was a man of established business integrity, and the court declined to hear this proof, saying that he would assume that to be true. There being no objections by appellees to this announcement of the court, the same must be taken as if said witnesses had so stated.

The court below must have concluded that the mere fact that appellant did not have sufficient property subject to execution, that on that ground alone an attachment would

be sustained.  From the evidence in this case there was
no ground to found a belief that the collection of these
demands would be endangered by the delay in obtaining
judgment and return of no property found.

We are of opinion that the court erred in sustaining the
attachments in these consolidated cases, and that part of
the judgment is reversed and the cause remanded, with direc-
tions to set aside the judgment sustaining the attachments
and to render judgment dismissing the attachments and such
other orders necessary in conformity herewith.