## Stoner v. Nall.

(Decided June 18, 1912.)

## Appeal from Nelson Circuit Court.

1. Instructions.—In instructing the jury, it is not improper to assume as true a fact admitted by the pleadings.

2. Real Estate Agent—Suit for Commissions—Evidence.—Where one is employed by the owner of a farm to write a letter to the purchaser recommending the farm, and to assist in making a sale to him, remarks in disparagement of the farm made by the agent prior to his contract of employment are not admissible in evidence.

3. Same.—In a suit by a real estate agent against the owner of a farm for commissions for services in assisting in the sale, contracts made by defendant with other real estate agents are not admissible to show the kind of contract he made with plaintiff.

JOHN S. KELLEY, J. SMITH BARLOW for appellant.

NAT W. HALSTEAD, D. H. SMITH for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, George M. D. Stoner, brought this action against defendant, George C. Nall, to recover a commission for services rendered in connection with the sale of the latter's farm. The jury found for the defendant, and Stoner appeals.

The petition alleges in substance that Nall employed Stoner to write a letter to H. D. Stiles, who lived in Boyle county, to induce him to return to Nelson county and purchase Nall's farm, and also to assist Nall in making a sale of the farm to Stiles, and agreed, in consideration of such services by Stoner, to pay Stoner a commission of two per cent in the event that Stiles purchased the farm; that Stoner accepted the employment, and wrote Stiles a letter recommending the farm and urging him to buy it, and after the receipt of said letter by Stiles, Stiles returned to Nelson county, where Stoner saw him and urged him to buy the farm; that thereafter Nall sold the farm to Stiles for a consideration of $18,000, and thereby became indebted to Stoner in the sum of $360 for his services in writing the letter and assisting in the sale of the farm.

Nall filed an answer denying the allegations of the petition, and further pleaded that the only contract he

made with Stoner was that he was to pay Stoner a commission of two per cent provided Stoner sold the farm; but that Stoner did not make a sale of the farm to Stiles, or have anything to do with the making of the sale. Stoner filed a reply denying the contract as set out in the answer, and denying the allegation that he did not have anything to do with making the sale; but he did not deny the allegation that he did not make the sale.

After testifying to the contract as set out in the petition, Stoner further testified that he wrote Stiles a letter recommending the farm to him. He also testified that on the day that Stiles came to Bardstown, and before the contract of sale was closed, he had a conversation with Stiles, in which he urged upon him the advantages of the farm. He proved by other witnesses that he was seen talking to Stiles on that occasion. Nall proved that Stiles had been shown the farm by another real estate agent prior to the time he contracted with Stoner to make the sale of the farm, and that the only contract he made with Stoner was to pay him a commission provided Stoner did make a sale of it. He further testified that Stoner had nothing to do with making the sale. Stiles testified that he received a letter from Stoner which he destroyed. In this letter Stoner stated that Nall would not take $75 an acre for the farm, and then recommended his own farm to Stiles. Stiles further testifies that he came to Bardstown on other business, and when he went to look at the farm at the time he agreed to buy it, he did so of his own volition, and not because he was induced to do so by the letter that Stoner had written him.

Stiles and other witnesses were permitted to testify that during the State Fair, and before Stoner's employment, Stoner stated to Stiles that the Nall farm was not the kind of land he had been used to, and would not suit him. These witnesses also testified to other disparaging remarks made by Stoner with reference to the farm.

Certain real estate agents were permitted to testify that Nall placed the farm in their hands for sale, but that the contract he made with them was that he was to pay them a commission only in the event they made a sale.

The court gave to the jury three instructions. By the first instruction, he set out the contract as claimed by Stoner, and told the jury in substance to find for

him provided he wrote a letter to Stiles recommending the farm, and to induce Stiles to buy the farm, and assisted Nall in making the sale of the farm. The third instruction is the converse of the first. Instruction No. Two is as follows:

"The court instructs the jury that if they believe from the evidence that the defendant, Nall, contracted to pay the plaintiff a commission upon the purchase price of the farm, provided said Stoner sold it for him (Nall), then they should find for defendant."

It is earnestly insisted that this instruction is erroneous because if Nall employed Stoner to sell the farm it refuses Stoner a recovery even though he may have made the sale. This would be true if Stoner had predicated his case upon the theory that he was employed to sell the farm, and did sell it. He admits, however, in his petition, that defendant sold it, and in his reply does not deny the allegation of the answer that defendant sold it. That being true, the instruction complained of is not erroneous, because as a condition to a finding for Nall it did not require the jury to believe that Stoner did not sell the farm. It being admitted in the pleadings that he did not sell it, it was not necessary to submit this issue to the jury. But as the case must be reversed for other reasons, the court, on another trial, will give the following instruction in lieu of Number Two:

"2. The court instructs the jury that if they believe from the evidence that the only contract between plaintiff and defendant was that defendant was to pay plaintiff a commission on the purchase price of the farm provided plaintiff sold the farm, then they should find for defendant."

What Stoner said in regard to the farm before his employment should not have been admitted as evidence. After these remarks were made, he was employed, according to his contention, simply to write Stiles a letter recommending the farm, and to assist in making a sale thereof. In view of this contention, his remarks before his employment have no bearing upon the question whether or not he performed his contract after he was employed. Manifestly, he might have expressed an unfavorable opinion of the farm not only to Stiles but to others, before he was actually employed, and yet if after his employment he rendered the services required by his contract of employment, he would be entitled to re-

cover, notwithstanding his previous attitude towards the farm. With the evidence complained of before the jury, they may have concluded that he not only did not assist in making the sale, but actually discouraged the sale. The admission of such evidence, therefore, was prejudicial error.

The court also erred in permitting certain real estate agents to testify to the contracts which Nall had made with them. The contract between Stoner and Nall depended upon its terms as fixed by the parties. The fact that Nall made contracts of a particular kind with other real estate agents is not admissible to show that he and Stoner made the same kind of a contract.

For the reasons indicated, judgment is reversed and cause remanded for new trial consistent with this opinion.