## Boone et ux. v. Evans.

(Decided October 10, 1930.)

R. L. POPE and F. L. HUFF for appellants.

B. M. LEE and J. B. SNYDER for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellee, Dan Evans, brought an action against appellant L. H. Boone, in which he sought to recover $1,902.88 for breach of a contract and damages on an injunction bond. The petition contained an affidavit for an attachment on the grounds set out in subsection 2 of section 194 of the Civil Code of Practice.

The attachment was levied on the undivided one-half interest of Boone in three parcels of real estate, all of which were owned jointly by Boone and his wife and

488

co-appellant, Elnora Boone, who filed an intervening petition asking to be made a party defendant. The case was tried, and the jury returned a verdict against the defendant, L. H. Boone, for the sum of $1,650, and a judgment thereon was entered, and the attachment granted at the commencement of the action was sustained. This is an appeal from so much of the judgment as sustained the attachment.

The chief reasons advanced by appellants why the attachment should not have been sustained are that the petition does not describe the property attached and that plaintiff introduced no proof as to the existence of grounds for the attachment. A general order of attachment was issued and a description of the property in the petition was not required.

Section 217 of the Civil Code of Practice provides that, "if real property be attached, the sheriff shall describe it with sufficient certainty to identify it, and, if he can do so, he shall refer to the deed or title under which the defendant holds it."

The sheriff's return reads in part:

"Executed the within attachment by delivering a true copy thereof to the defendant, L. H. Boone, and levying same upon the one-half undivided interest of Dr. L. H. Boone in the following described property:

"Situated in the town of Wallins, Harlan County, Ky., and described as follows: Beginning at the southwest corner of a lot owned by Oscar H. Howard upon which a storehouse now stands; thence north along the west line of lots owned by D. C. Baugh, J. T. Hurld, Ed. Hoskins, W. D. and Lily Jones, Aretha Howard, and Oscar H. Howard, to the Terry's Fork railroad right of way; thence in a southwestwardly direction with the said railroad right of way to the mouth of Terry's Creek; thence eastwardly with the meanders to Terry's Creek to Arnold & Lee's line; thence with said Arnold and Lee's line to A. J. Johnson's line; thence with said A. J. Johnson's line to the point of beginning, and containing about one acre, be the same more or less.

"The above described property being the same property conveyed to L. H. Boone and wife Ella Boone by Oscar H. Howard, and wife Essie Howard

and recorded in Deed Book 60 at page 211 of the records of the Harlan County Court Clerk.''

The other two parcels of land upon which the attachment was levied are described in the return with equal particularity. The officer's return fully complied with the requirements of the Code.

The grounds of the attachment were that the defendant had no property in this state subject to execution or not enough thereof to satisfy plaintiff's demand and that the collection of the demand would be endangered by delay in obtaining judgment or a return of no property found. The defendant controverted the statement that the collection would be endangered by delay in obtaining judgment and a return of no property found, but did not controvert the allegation that he had no property in the state subject to execution or not enough thereof to satisfy the plaintiff's demand. It therefore stood admitted that he did not have property subject to execution sufficient to satisfy the plaintiff's demand, and it was not necessary for plaintiff to introduce proof on the subject. In Moors v. Kentucky Electrical Company, 182 Ky. 825, 208 S. W. 15, 19, a situation exactly similar to the one here was presented, and the court said:

"The appellant did not controvert the allegation that he had not property subject to execution sufficient to satisfy the debt, but he did controvert the statement that the collection would be endangered by delay in obtaining judgment and a return of no property found. This made an issue, but the burden was upon appellant, and he, not having produced any evidence nor requested the opportunity to do so, the court was not in error in sustaining the attachment. The fact that he had not property subject to the execution being admitted, a prima facie case was made for the appellee upon the attachment, which, if appellant desired to overcome, it was incumbent upon him to do so by evidence. Dunn, Trustee v. McAlpin, 90 Ky. 78, 13 S. W. 363 (11 Ky. Law Rep. 884) ; Downs v. Ringgold, 101 Ky. 392, 41 S. W. 317 (19 Ky. Law Rep. 639).''

It is argued that the order sustaining the attachment is erroneous because the attachment was never returned to the clerk's office, but a supplemental record has been filed which discloses that the attachment was returned.

490

It is finally insisted that the judgment sustaining the attachment is too broad, since it fails to protect the wife's interest in the property. Counsel for appellants, however, are in error in assuming that the order sustaining the attachment adversely affects the rights of appellant Elnora Boone, wife of L. H. Boone. The judgment specifically reserves for future orders all questions affecting her rights.

Judgment is affirmed.