# Walker v. Grayson County State Bank et al.

(Decided February 10, 1931.)

JAMES & JAMES for appellant.

J. T. BASHAM for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The sole question presented by this appeal is the sufficiency of the evidence to sustain the grounds alleged as the basis for an order of attachment.

The Grayson County State Bank instituted the action against S. E. Walker and his son, I. Harrison Walker, to recover upon various notes signed by them in amounts aggregating $5,000.

Two grounds were alleged to obtain the order of attachment against the property of S. E. Walker. The first ground was that he was about to sell, convey, or

otherwise dispose of his property with the fraudulent intent to cheat, hinder, and delay his creditors. The second ground was that the defendant had no property in this state subject to execution or not enough thereof to satisfy the plaintiff's demands, and the collection thereof would be endangered by delay in obtaining judgment or a return of no property found. Civil Code of Practice, sec. 194, subsec. 8.

The petition, in addition to the grounds of attachment mentioned charged that S. E. Walker was insolvent, and did not have sufficient property subject to execution to pay the plaintiff's debt. In his affidavit controverting the grounds of attachment, Walker denied that he was about to sell or convey or otherwise dispose of his property either fraudulently or with intent to cheat, hinder, or delay his creditors, not leaving enough in this state to satisfy the claims of plaintiff, or the claims of his other creditors. He further denied that the collection of plaintiff's demand would be endangered by delay in obtaining judgment. But there was no denial of his insolvency. In addition to the admission of insolvency, the evidence showed that Walker was unwilling to do anything to secure the plaintiff's debt, or to make provision for its payment. Shortly after the attachment was issued, he gave a mortgage to another creditor for a substantial sum. He advised the officers of the bank that he was ruined, and that his property would not bring the amount he owed the plaintiff. He stated to others that he was in no financial condition to pay anything on the debts, that he was a ruined man, and that he did not have enough property to pay his own debts, much less anything to pay on the obligations for which he was jointly responsible with his son.

The circuit court overruled the motion to discharge the attachment, and plainly was justified in so doing. In order to sustain an attachment issued upon this ground, it must be made to appear that the defendant has no property in this state subject to execution or not enough thereof to satisfy the plaintiff's demand, and that the collection thereof will be endangered by delay in obtaining a judgment or return of no property found. One of these conditions is not necessarily the concomitant of the other, although it may be so. Francis v. Burnett, 84 Ky. 23. Even though the plaintiff may be insolvent, yet, if he shows ample property subject to execution, and is not endeavoring to defeat or defraud his

creditors, his insolvency may be immaterial. Herman Goepper & Co. v. Phoenix Brewing Co., 115 Ky. 708, 74 S. W. 726, 25 Ky. Law Rep. 84. But when the fact of insolvency is admitted, a presumption arises that the collection of the demand will be endangered by delay, and the burden is upon the defendant to overcome that presumption. Downs v. Ringgold, 101 Ky. 392, 41 S. W. 317, 19 Ky. Law Rep. 7, 639; Johnson v. Louisville City Nat. Bank, 56 S. W. 710, 22 Ky. Law Rep. 118; Deposit Bank v. Smith, 109 Ky. 311, 58 S. W. 792, 22 Ky. Law Rep. 808; Moors v. Ky. Electrical Co., 182 Ky. 825. 208 S. W. 15.

It is admitted that Harrison Walker was bankrupt and that his property would be exhausted in the payment of prior liens. It was necessary, therefore, for the bank to look alone to S. E. Walker for the collection of its debts. Walker went upon the stand, but his testimony fails to rebut the case made by plaintiff. His opinion of values had changed materially from what it was the day before the attachment issued, but on the whole his testimony does not overcome the proof presented to sustain the attachment. He introduced evidence tending to show his good reputation for honor and for meeting his obligations, but he manifested no willingness to secure or to pay the plaintiff and had utterly disabled himself by executing a mortgage to another creditor for an amount sufficient to exhaust his assets. When the defendant goes upon the witness stand, it is his duty to make a clear disclosure of sufficient property to invalidate an attachment. Draddy v. Heile, 33 S. W. 1107, 17 Ky. Law Rep. 1182.

The argument that the grounds for the attachment were defectively stated is predicated upon the fact that after the suit was filed the court required the plaintiff to elect whether it would prosecute its action upon both notes or only upon the $3,000 note. It stood upon the $3,000 note and the action as to a $2,000 note was dismissed without prejudice. But this action by the court did not render defective the grounds of attachment alleged in the petition. It merely affected the issue presented as to the claim that would be endangered, and the evidence was sufficient to sustain the attachment, if plaintiff's action for an attachment had been upon a single claim for $3,000. Lexington Brewing Co. v. Goode, 124

Ky. 476, 99 S. W. 338, 30 Ky. Law Rep. 639; Jennings v. Sanders Deposit Bank, 213 Ky. 479, 281 S. W. 476.

The evidence made it clear that the order of attachment was justified by the facts and no error was involved in the ruling of the court declining to discharge it.

The judgment is affirmed.