CHIEF JUSTICE LINDSAY
delivered the opinion op the court.
The fifth section of the act of the 14th of March, 1871, provided that if a rate of interest exceeding $10 upon $100 per year should be charged, the whole interest should be forfeited. The General Statutes authorize this forfeiture, provided the excess of interest be intentionally charged. The loan by the insurance company to Carpenter was made on *436 the 18th of July, 1873. This was anterior to the time at which the General Statutes went into effect. The question of forfeiture must, therefore, be determined by the provisions of the act of March 14, 1871.
The contract, as evidenced by the several writings executed, was that Carpenter should pay the principal sum, $3,000, at the end of three years, and in the meantime should pay interest semi-annually at the rate of ten per centum per annum, and each installment was to bear interest at the same rate from the time it should fall due until paid. These several installments of interest were secured by separate notes, in the nature of coupons. The contract also provided that if any installment of interest should remain unpaid sixty days after maturity the creditor might treat the principal sum as due, and proceed at once to enforce its collection, with the then accrued interest. The first installment was paid. Default was made in the payment of the second, and after the expiration of sixty days the insurance company filed its answer and cross-petition in this action, and then elected to treat the entire debt as due, and it asked for judgment and for the enforcement of its mortgage lien.
It is insisted upon this appeal that the contract for the payment of interest semi-annually was an abuse of the conventional interest act, that it was an arrangement by which more than ten per centum per annum on the money- loaned was to be charged and collected, and therefore that the entire interest should be forfeited.
No such forfeiture was asked in any pleading in this case. The party supposed to be entitled to the benefit of the penalty did not seek to recover it, hence the court below did not err in declining to volunteer relief which the appellant did not even suggest he was entitled to.
But the contract is not in violation of the statute. A party may lawfully contract for the payment of interest as it ac *437 crues, and it is not necessary that the principal debt should be due at the time the payment of accrued interest is exacted. It may be that the installments of interest might be made so frequent or unusual as to indicate a disposition to evade the spirit of the law and. compound the interest so rapidly as thereby to secure a greater rate of interest than can be lawfully contracted for, but we can not say that this transaction bears upon its face satisfactory evidence of such an intention. It is not unusual, when money is loaned for a long period of time, to exact the payment of the accrued interest at stated periods. It is not unreasonable that the borrower should pay interest upon accrued interest if he fails to pay it when according to the contract it ought to have been paid. It may be sued for and recovered, and it is neither oppressive nor unreasonable to require the defaulting debtor to pay interest on money wrongfully , withheld from the creditor at the rate he agreed in advance to pay, that rate being authorized by law.
The writings in this case do not evidence an agreement for the prospective compounding of interest. The contract is for the prompt payment of the interest as it falls due, and in case of default on the part of the borrower that he shall pay, as interest on the money actually due, a lawful rate so long as he shall remain in default.
It is not Unusual, and in view of the provisions of numerous acts of the general assembly authorizing the issuing of county, city, and corporation bonds, we can not say that it is unreasonable to require interest to be paid semi-annually, when, as in this case, the principal sum is not to be paid for a term of years.
We are of opinion that the contract should be specifically enforced up to the 10th of September, 1874, at which time the insurance company elected to treat the debt as due. From that time forward the interest notes or coupons will be regarded as canceled, and the sum due on that day will bear ten per centum *438 interest until paid. The court below should have allowed a credit on the sum sued for, on account of the payment of the interest note that fell due on the 18th of December, 1873. It should also have specifically enforced the contract up to the time at which the insurance company elected to collect its entire debt.
Our conclusions are supported by and are in harmony with the principles heretofore announced by this court in the cases of Rodes v. Blythe (2 B. Monroe, 335), Talliaferro v. King (9 Dana, 331), and Newell &c. v. The National Bank of Somerset (12 Bush, 57).
The judgment is reversed on the original and also on the cross-appeal.
The appellant will recover his costs in this court.