## Miller Creek Railroad Company v. Barnett.

(Decided November 12, 1914.)

### Appeal from Johnson Circuit Court.

Appeal—When Rehearing Will Be Granted.—Where judgment was reversed on an imperfect record, and appellee did not know of the defect, and had no reasonable opportunity to discover it, rehearing will be granted appellee on the corrected record if it shows that the judgment should not be reversed. Former opinion will be withdrawn and the judgment affirmed.

VAUGHAN & HOWES and HAGAR & STEWART for appellant.

J. F. BAILEY for appellee.

RESPONSE TO PETITION FOR REHEARING BY JUDGE NUNN —Withdrawing former opinion and affirming judgment of the lower court.

This case was reversed June 2nd, 159 Ky., 344, for error in the instructions, and changes were suggested to

make the instructions apply the law to the facts of the case on a new trial. With the petition for rehearing, there are filed certificates of the circuit clerk and trial judge, and from these it appears that the instructions copied in the record and upon which the opinion was based, were not the instructions that were given to the jury. Through some mistake or oversight of the clerk, in making out the transcript, he copied into it, as given, instructions which had perhaps been offered but were never given. The instructions which were actually given, and upon which the jury rendered their verdict, are presented by the certificates accompanying the petition for rehearing, and it appears that they are beyond criticism, and contain almost the exact words which were suggested in the opinion as a correction of the instructions copied in the transcript. So it is clear that a reversal of the case could serve no good purpose, in fact, would work a grave injustice, and had there been no mistake in the transcript the judgment would have been affirmed. The transcript was prepared by the clerk upon order of appellant, and appellee's attorney swears that he never saw, and had no opportunity to see the record, as prepared by the clerk, and did not know of the mistake until the opinion was handed down. This is not controverted.

The rule is that where the appellant, under whose direction the transcript is prepared, has lost his case upon an imperfect record, the court will not, on rehearing, permit the record to be changed and the case retried. Sanford v. Parker, 12 Ky. L. R., 878; Christopher v. Searcy, 12 Bush, 171; Yeager v. Grover, 78 Ky., 278; Martin v. Roose, 21 Ky. L. R., 1353.

But an incorrect record as applied to the appellee, was under consideration in the case of Leonard's Admr. v. Cowling, 28 Ky. L. R., 145:

"This rule though has been confined to appellants in its application, for it is the appellant generally who files the record here, and it is obviously a safe rule that prohibits his speculating upon the result of the court's action by presenting incomplete transcripts; he does so at his peril.

"On the other hand, we have held in a number of cases that the rule does not apply in its rigor to the appellee who does not bring up the record. We are speaking of those cases in which the complete record is re-

quired to be brought up." Doty, &c. v Trustees of Berea College, 12 Ky. L. R., 964.

Under the circumstances rehearing is granted, and we conclude the former opinion should be withdrawn, and that the judgment of the lower court should be affirmed, and it is so ordered.