## Jennings, et al. v. Sanders Deposit Bank.

(Decided March 9, 1926.)

### Appeal from Owen Circuit Court.

1. Appeal and Error.—Under Civil Code of Practice, section 266, an order sustaining an attachment is appealable as a final order.

2. Attachment—Judgment Upholding Attachment on Ground that
Defendant did Not have Enough Property in State to Satisfy
Plaintiff's Demand, the Collection of which would be Endangered
by Delay in Obtaining Judgment or Return of no Property Found,
Held Sustained by Evidence (Civil Code of Practice, Section 194,
Subsection 2).—Evidence held to sustain judgment upholding at-
tachment under Civil Code of Practice, section 194, subsection 2,
on grounds that defendant did not have enough property in state
to satisfy plaintiff's demand, and that collection of demand would
be endangered by delay in obtaining judgment or return of no
property found.

JAMES H. SETTLE for appellants.

J. W. CAMMACK for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Appellee, Sanders Deposit Bank, sued appellants,
Albert T. Jennings and his wife, to recover $2,778.70,
with interest, that being the amount of their promissory
note it held, and to enforce a first mortgage lien upon an
80-acre tract of land, and a second mortgage upon a 274-
acre tract of land owned by them. The latter tract was
covered by first mortgage to the amount of $10,500.00.

The petition alleged the grounds of attachment set
forth in subdivisions 7 and 8 of subsection I of section
194 of the Civil Code, and also the grounds of attachment
set forth in subsection II of that section. At the same
time appellee in another action sued appellant, A. T. Jen-
nings, to recover the amount owing to it by him on two
small promissory notes, one for $199.48 and the other for
$51.02. In the latter action the same grounds of attach-
ment were alleged. The general orders of attachment in
the two actions were issued at the same time and were
simultaneously levied by the sheriff of Owen county
upon a lot of tobacco. After the levy, by agreement of
the parties, the sheriff sold the tobacco on the market
and held the proceeds subject to the orders of the court.
No answer to either of the petitions was filed by appel-
lants, but in each case they filed an affidavit traversing
the grounds of attachment. On that question the chan-
cellor consolidated the two actions; set a time for hear-
ing; tried the issue so joined; and entered judgment sus-
taining the attachment. No answer for appellants having
been filed, judgment in favor of appellee was also entered
granting relief in conformity with the prayer of the two

petitions. This appeal has been prosecuted only from the judgment of the court sustaining the attachments which issued herein.

Appellee's motion to dismiss the appeal upon the ground that the judgment sustaining the attachment is not a final order and may not be appealed from can not be sustained. Section 266 of the Civil Code of Practice expressly authorizes an appeal from the order sustaining an attachment, upon the rendition of judgment in the action in which it issued and was sustained.

Appellee offered no proof in support of the grounds of attachment under subdivisions 7 and 8 of subsection I of section 194 tending to establish that appellants had sold, conveyed or otherwise disposed of their property or suffered or permitted it to be sold with the fraudulent intent to cheat, hinder or delay their creditors, or that they were about to do so with such intent. The proof offered by appellee tended to sustain the attachment issued herein only upon the ground set forth in subsection II of section 194 of the Code, which provides that it shall be grounds for attachment "if the defendant have no property in this state subject to execution or not enough to satisfy plaintiff's demand and the collection of the demand will be endangered by delay in obtaining judgment or a return of no property found." It was shown by uncontradicted proof that appellants owe $14,548.37, consisting of the notes sued on herein; the $10,500.00 note owing to Columbia Life Insurance Company, of Cincinnati, Ohio; graded school taxes on the real estate for the years 1921, 1922, 1923 and 1924, and the state and county taxes for the years 1923 and 1924, and a note to Byron Coates for $200.00. The only property of any consequence owned by appellants are the two tracts of land containing 274 and 80 acres, respectively. The crop of tobacco attached when sold brought $596.05. Appellant testified to owning a few head of stock and a small quantity of corn. Witnesses for appellee valued the farm lands owned by appellants, and according to their testimony appellants are hopelessly insolvent and have not enough property in this state subject to execution to satisfy plaintiff's demand, and its collection will be endangered by delay in obtaining judgment or a return of no property found. Appellant alone testified for himself. His testimony went largely to establish the nonexistence of the two grounds abandoned by appellee.

Appellant's contention that the attachment herein was wrongfully sued out and that the judgment of the chancellor sustaining it is not sustained by the evidence herein is wholly without merit.  The judgment appealed from is therefore affirmed.

Judgment affirmed.