## Huffman et al. v. Martin et al.

(Decided November 2, 1928.)

## Appeal From Boone Circuit Court.

1. Attachment.—Grounds of attachment, alleged in amended petition, may not be considered, where amended petition is not verified, and grounds are not supported by affidavit.

2. Contracts.—Where contract has been entirely executed on one side, the repudiation of the contract by the other party before the time for its performance arrives does not permit treatment of contract as abandoned by the contracting party, who has performed, though such rule applies in case of purely executory contracts.

3. Bills and Notes.—Maturity of note given for purchase price of land, secured by mortgage and due in 10 years, with interest payable annually, held not accelerated by makers' abandonment of farm after 3 years and statement of intention to repudiate their indebtedness on the note.

4. Attachment.—Where debt sued for was not yet due, and it was shown without contradiction that defendants sold merely a few articles of personal property, paying proceeds in part satisfaction of interest, and no other ground of attachment for unmatured debt was asserted, attachment could not be maintained under Civil Code of Practice, secs. 194, subd. II (8), and 237, subd. 2, sale or conveyance of property with fraudulent intent not being shown.

5. Subrogation.—Second mortgagee, voluntarily paying amount of installment of mortgagor's debt to first mortgagee, held not subrogated to first mortgagee's status as creditor, where payment was not required to protect junior mortgage.

6. Bills and Notes.—Where note sued on was made payable in 10 years, with interest payable annually, each annual installment of interest became an independent debt as it became due and unpaid, and holder of note was therefore entitled to judgment for

past-due installments of interest, though principal of note was not yet due.

7. **Attachment.**—Where defendant is insolvent it will be presumed that collection of plaintiff's demand will be endangered by delay in obtaining judgment, so as to warrant attachment for past-due debt, under Civil Code of Practice, sec. 194, subd. II.

8. **Attachment.**—Where defendants, sued on note for purchase price of land, had no property in state, except a contingent interest in land purchased, and were insolvent, plaintiff held entitled to attach property, under Civil Code of Practice, sec. 194, subd. II, for past-due installments of interest on the note, where defendant failed to show that collection of claim would not be endangered by delay in obtaining judgment.

NORTHCUTT & NORTHCUTT and LULA A. NORTHCUTT for appellants.

ELMER P. WARE for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming in part and reversing in part.

On June 26, 1922, appellants and plaintiffs below, Keith Martin Huffman and H. B. Huffman, sold and conveyed to appellees and defendants below, Richard P. Martin and Loretta Martin, a tract of land in Boone county, Kentucky, containing 107.41 acres, for the agreed consideration of $7,000, $3,000 of which was cash in hand paid, and the balance of that amount was evidenced by defendants' note to plaintiffs for $4,000, due in 10 years from date, with interest payable annually. The $3,000 represented by the cash payment was obtained by defendants from the Federal Land Bank of Louisville, Ky., and for which they executed to it their note and a first mortgage on the purchased land to secure it, and which obligation was to be paid in annual installments of $97.50 throughout a long period of years, and the note and mortgage executed to secure it contained precipitating clauses, whereby the due date of the entire debt could be treated as matured by the holder upon default of payment of any annual installment.

At the same time, and as a part of the same transaction, defendants executed their note and mortgage to plaintiffs for the deferred payment of $4,000. Defendants took possession of the farm and operated it for about three years, and then abandoned it and moved to the state of Ohio, declaring at the time that they did not

intend to make any further effort to pay their indebtedness to either the Land Bank or to plaintiffs, whereupon the latter filed this action in the Boone circuit court against the defendants, and alleged in their petition the abandonment of the farm by defendants, and their declaration to not pay any of their indebtedness, and insisted that such acts and declarations had the legal effect of precipitating the due date of plaintiffs' entire debt. They furthermore alleged that between the time of the abandonment and the filing of the action, plaintiffs paid an annual installment of the indebtedness due the Land Bank, and judgment for it was sought in the prayer of the petition, as well as one for plaintiffs' entire debt. They also prayed for judgment for past-due interest on their debt, and in their petition they sought an attachment against defendants' property by alleging the existence of the grounds stated in subdivision II of section 194 of our Civil Code of Practice; i. e., that defendants had no property, or not enough in this state, to satisfy plaintiffs' debt, and that its collection would be endangered by delay, etc. They also alleged in their petition the grounds of attachment stated in subsection 8 of subdivision 1 of that section, i. e., that plaintiffs were about to sell, convey, or otherwise dispose of their property with the fraudulent intent to cheat, hinder, and delay plaintiffs in the collection of their debt.

In an amended petition, filed more than two years after the filing of the original, they alleged the additional grounds of attachment contained in subsection 6 of subdivision I of the same section of the Code, and also the ones contained in subsections 7 and 8 of the same subsection; but that amended petition was not verified, nor either of those grounds supported by the affidavit of any person whomsoever, and the only grounds of attachment that were considered below, or can be done here, are those contained in the original petition.

The Land Bank filed its answer and cross-petition, in which it asserted its debt and averred that defalcations in the payment of installments had been made by defendants, and asked judgment for its entire debt and enforcement of its lien by a sale of the land; its mortgage by agreement of all parties being prior and superior to plaintiffs' lien. The land was sold under a judgment rendered on that pleading, and did not bring

enough to satisfy the debt of the bank.  The cause was later submitted on plaintiffs' branch of the case, after proof taken, and the court dismissed their petition and discharged their attachment, and from that judgment they prosecute this appeal.

It is first insisted, as it was in the trial court, that the conduct and declarations of defendants precipitated the due date of plaintiffs' debt, and entitled them to sue and to recover judgment for the entire amount that might be due on the date of its rendition. But we are not cited by counsel for plaintiffs to any adjudications or text authorities sustaining that contention. It is true, and cases are cited to that effect, that, where a party to a purely executory contract on both sides repudiates it before the time for its performance, the other party may treat it as abandoned and employ any appropriate remedy that he might have for relief, and to only that extent is the case of Paducah Cooperage Co. v. Cotton Plant Stave Co., 195 Ky. 114, 241 S. W. 826, and all the others relied on by counsel in their brief in point. The compilers of the text in 13 C. J. 651, recognized that indisputable rule, but on page 655 of the same volume an equally well grounded exception to the rule is likewise stated, and which exception is that, where the contract or obligation is purely *executory* on the part of *one* of the contractors, and entirely *executed* as to the other one, the rule does not apply. The text, in stating the exception, says:

"The contract must contain interdependent obligations, and the rule does not apply where the contract is executory only on behalf of the other party. Hence it does not govern actions on contracts to pay money at times specified, where one party has completely executed the contract, and it is executory only on the part of the other party. No action for damages lies before the time of payment arrives against one who disables himself from paying, or who gives notice that he will not pay his obligations under contracts of this kind."

A long list of cases is cited in notes to the text as supporting it, and none are cited to the contrary. We have examined those cases, and find that they do support

the rule as contained in the text, and which is in accord with sound legal principles.

In this case the alleged precipitating abandonment and renunciation by defendants occurred seven years before the due date of the note, and we cannot attribute to them any greater effect than a present indisposition on their part to meet the payments of either interest on, or principal installments of, their note to plaintiffs. Such abandoning acts or conduct may be superinduced by momentary discouragement, and might disappear long before the due date of the obligation. But, whatever reason may exist for the exception to the general rule, it is firmly established in the law, and we have no hesitancy in concluding that the court correctly held that the due date of defendants' note to plaintiffs was not precipitated by the facts relied on for that purpose.

That being true, plaintiffs, so far as the principal of their debt is concerned, were relegated to their right to an attachment given by section 237 of our Civil Code of Practice, as an ancillary indemnifying remedy on a debt not due. An attachment under that section for a debt not due may be obtained, if it is alleged, and proven, if denied, that defendant is about to depart from the state with the intent to defraud his creditors, and has concealed or removed from the state his property or so much thereof that the processes of the court after judgment cannot be executed. No such ground was alleged in the petition, and no further reference will be made to it. In subsection 2 of that section the attachment may also be issued "if there exists against the defendant any of the grounds for an attachment (on a past-due debt), which are mentioned in subsections 3, 4, 5, 6, 7 and 8, section 194." The only ground alleged in the petition contained in that subsection of section 237 was the one stated in subsection 8 of section 194; i. e., that defendant was about to sell, convey, and otherwise dispose of his property with the fraudulent intent, etc. That ground was denied in the terms of its allegation in the petition, and which denial was treated throughout the trial as forming an issue as to the existence of the facts, and the court correctly held that it was not sustained by the proof. On the contrary, it was shown without contradiction that defendants sold some few articles of personal property, which, perhaps, were exempt to them; and paid the larger por-

tion of the proceeds to plaintiff in part satisfaction of past-due interest.

The other ground alleged in the petition for the obtention of the attachment was the one contained in subsection II of section 194, and which is not a ground for an attachment under section 237 of the Code in an action on a debt not due, but contains only grounds for an attachment in an action on a past-due debt. The court, therefore, properly discharged the attachment, so far as it was sought to be obtained under section 237 of the Civil Code of Practice.

But it is insisted that the court erred in not sustaining the attachment, and in not rendering judgment in favor of plaintiffs to the extent of $97.50, being an installment of defendants' debt to the Land Bank accruing after the alleged abandonment and renunciation, and which installment plaintiffs voluntarily paid to it. The trouble with that contention is that, as to that payment, plaintiffs were pure volunteers, and could not, by voluntarily paying it to the Land Bank, create the relation of creditor and debtor between themselves and defendants as to that item. Sec. 21 R. C. L. 32, sec 27, and cases cited in the notes, one of which is Price v. Towsey, 3 Litt. 423, 14 Am. Dec. 81. See, also, 2 R. C. L. 776, sec. 33. We are not called upon in this opinion to point out the instances where the voluntary payment of another's debt gives rise to an action of assumpsit in favor of the voluntary payor against the obligor, since none of the facts creating such right appear in this case. The payment by plaintiffs of the $97.50 to the Land Bank, the prior lienholder, was not made, nor could it have been done to protect their junior mortgage. There is no fact alleged or proven in this case to show any such necessity. Without such payment, the due date of the Land Bank's debt would have been precipitated, and it could have immediately foreclosed its lien, and nothing appears to show that plaintiff's rights would have in the least been imperiled by such a course; for, whensoever the land should be sold, the bank's debt and all accumulated interest would first have to be paid, and in neither event would plaintiff's security become impaired. We therefore conclude that the court properly refused judgment in favor of plaintiff for that amount, and it correctly ruled in discharging the attachment seeking to collect it.

But we do conclude that the court erred in dismissing the entire petition, and in declining to render judgment in favor of plaintiffs for the amount of interest due on their debt at the date of the judgment, since, as we have seen, the interest was payable *annually*, and it is manifested by the record that installments thereof were past due and unpaid at the date of the judgment. Perhaps it would not be so, if it had not been provided that the interest should be payable annually; but, having been so provided, each annual installment became an independent debt after it became due and unpaid, and the court should have rendered judgment in favor of plaintiffs for such past-due installments. See 33 C. J. 254, 255, secs. 177 and 178, Radford v. Southern Mutual Life Ins. Co., 12 Bush, 434, and Shanks v. Stephens, 13 Ky. Op. 179, 6 Ky. Law Rep. 516.

We have hereinbefore seen that the petition contained the grounds of attachment stated in subdivision II of section 194 giving the right to an attachment for a past-due debt. That ground, as so contained in the section of the Code, is that the defendant has no property in the state subject to execution, or not enough thereof to satisfy plaintiffs' demand, and its collection "will be endangered by delay in obtaining judgment or a return of no property found." It was clearly proven, and admitted by defendants, that they had no property in this state, except the contingent interest attached in this case, and like interest in their involved tract of land. In other words, it stands admitted in the record, although that ground was denied by defendants, that they were and are insolvent. Under such undisputed facts, the opinions of this court are to the effect that it will be presumed that the collection of the debt will be endangered by delay in obtaining judgment, and the burden is upon defendant to overcome that presumption. The cases announcing that rule of practice are stated in note 13 to section 194, supra, of the Code. In the two more recent ones of Moors v. Kentucky Electrical Co., 182 Ky. 825, 208 S. W. 15, and Jennings v. Sanders Deposit Bank, 213 Ky. 479, 281 S. W. 476, the same rule of practice was adhered to. Defendants introduced no proof in this case to overcome the presumption of danger in delay incident to the obtention of judgment and its collection, and it is our conclusion that the attachment should have been sustained

to the extent of any judgment to which plaintiffs were entitled for past-due and unpaid interest on their note.

Wherefore the judgment is reversed, in so far as the court dismissed the petition and declined to render judgment for past-due interest, and also reversed to the extent of discharging the attachment in aid of such judgment; but in all other respects it is affirmed, with directions to correct it as herein indicated, each party paying one-half the cost of this appeal.