## Owings v. Rider.

(Decided November 27, 1931.)

C. C. WILLIAMS for appellant.

L. L. WALKER, R. B. BIRD and B. J. BETHURUM for appellee.

OPINON OF THE COURT BY JUDGE THOMAS—Affirming.

On June 21, 1928, the appellee and defendant below, Mollie Rider, signed and delivered to one Lou Pennington in Louisville, Ky., three blank instruments, which are referred to throughout this record as checks. The transaction in which it was done was intended to effect a loan by defendant to Miss Pennington for an amount not to exceed in the aggregate $1,000 and for the separate amounts to be filled in by Miss Pennington and delivered to three merchant creditors of hers in the city of Louisville, Ky., whose debts in the aggregate did not exceed $1,000. The understanding and agreement between defendant and Miss Pennington, as so outlined, is undisputed, and must be accepted as true.

758

Miss Pennington at the time, and prior thereto, was a sort of broker or commission merchant who filled orders from her customers for ladies' garments, and for which she charged them, or the merchants from whom she purchased them, a commission, and defendant had advanced to her, prior to the transaction here involved, a considerable sum of money for which she exacted and was paid exorbitant interest rates. At the time application was made for the loan here involved, defendant informed Miss Pennington that she had in her bank to her credit not exceeding $1,000, and warned her to fill in the supposed checks for an aggregate amount not exceeding that sum, and to which she agreed.

At that time appellant and plaintiff below, because of some like transactions she had had with Miss Pennington, was a creditor of the latter in the sum of $1,281.85, but which fact was unknown to defendant so far as the record discloses. Miss Pennington filled the blanks in two of the instruments that defendant had so signed and made them payable to that number of her creditors, whose debts in the aggregate amounted to some $900, and in the third one she wrote the name of plaintiff as payee, and likewise wrote in it the amount of the latter's debt, $1,281.85. The alleged checks were attempted to be drawn on "the Bank of Mt. Vernon" in Mt. Vernon, Ky., but, when the one delivered to plaintiff was presented to it for collection, payment was refused, and then plaintiff filed this action against defendant on the check to collect the $1,281.85 that Miss Pennington had written into it, as the amount for which it was given.

Defendant answered relying upon the facts hereinbefore stated as a defense, upon the theory that plaintiff was not an innocent holder for value of the instrument sued on, and that in this suit by her to collect its amount the defense interposed was available. Plaintiff urged as against that contention that the check was in law negotiated to her, and that she was a holder in due course, since our Negotiable Instruments Act, section 3720ob-25 of our present Statutes, makes a pre-existing debt a valuable consideration for a negotiable instrument, and because of all of which the defense relied on was not good against her. Following pleadings made the issues and upon trial, the jury under the instructions of the court, returned a verdict in favor of defendant, followed by a judgment dismissing plaintiff's petition, and,

her motion for a new trial having been overruled, she prosecutes this appeal.

The question raised by the contentions supra is an interesting as well as difficult one, since the adjudged cases are by no means in accord upon the point as to whether the payee in a negotiable instrument is or is not "a holder in due course" so as to be immune from what might otherwise be available defenses as against one not so situated. One line of authorities holds that, in order to create such right, the instrument should pass from the original payee to a third party before maturity in order to create the immunity, while others hold that the delivery of the instrument by the maker to the original payee constitutes a negotiation sufficient to invest the payee with such immunity right. But, under the facts as shown by the record before us, that question is not presented.

Section 3720b-1 of our present Statutes, and which is section 1 of our Negotiable Instruments Act, expressly requires that an instrument, to be a negotiable one within the provisions of that act, and to confer upon its holder in due course the privileges and immunities granted therein, "must be payable to the order of a specified person or to bearer." The instrument herein sued on fails to do that. As copied on page 5 of the clerk's transcript of the record, it is in these words and in this form:

"The Bank of Mt. Vernon

"Mt. Vernon, Ky., June 21, 1928.

"Mrs. Rissie Snarenberger                    $1,281.85

"Twelve Hundred Eigty-one and 85/100 Dollars

"Mollie Rider."

It is stated in the petition that a copy of the check sued on was filed with it marked "Exhibit A," and the clerk in copying it as such exhibit certifies that "the following exhibit was filed with said petition, a copy of which is in words and figures as follows," and which is immediately followed by the copy above inserted. In order to conform with the requirements of the statute supra, the name of plaintiff in the writing should have been preceded by the words "pay to the order of," or followed by the words "or order," or by the words "or bearer," but, as we have seen, neither of which was complied with.

An instrument not containing such words of negotiability was before this court in the case of Wettlaufer v. Baxter, 137 Ky. 362, 125 S. W. 741, 26 L. R. A. (N. S.) 804, and we held that it was not a negotiable instrument under the Negotiable Instruments Act, and that one acquiring it under circumstances that would have made him a holder in due course, if it had been a negotiable instrument, took it subject to all defenses that the maker had against it. The opinion in that case is an exhaustive and interesting one, and contains a thorough discussion of our Negotiable Instruments Act as it affects the rights of a holder in due course of a negotiable instrument, and of a holder of one that is not negotiable. We will not insert excerpts from that opinion, but refer the reader to it. The interpretation so announced therein was later approved by us in the cases of Haggard v. Mutual Oil & Refining Co., 204 Ky. 209, 263 S. W. 745, and Fields' Adm'r v. Perry County State Bank, 214 Ky. 24, 282 S. W. 555.

Section 474 of our Statutes, which antedates our Negotiable Instruments Act, expressly provides for the assignment and transfer of written obligations to pay money, notwithstanding they may not be negotiable under the law as it then existed, but it is expressly therein provided that such transfer shall not impair "the right to any defense, discount, or offset that the defendant has and might have used against the original obligee, or any intermediate assignor, before notice of the assignment." In other words, that when the instrument is non-negotiable, though assignable, all defenses will be available to the maker or assignor who might be sued thereon. The Negotiable Instruments Act did not repeal that section, but enlarged the class of negotiable instruments to which the right of such defenses by the defendant would be available if the holder was one in due course.

Such being the state of the law, the defense interposed by defendant herein was available to her as against the plaintiff, and under the proof the court should have sustained defendant's motion for a peremptory instruction in her favor, since the evidence in support of her defense, as we have seen, was undisputed. However, the court submittd to the jury the issue as to whether the interposed defense was or was not true, although there was no evidence to the contrary, and it found for defendant. The instruction as so given, although it should not have been given at all, submitted the true issue as to

defendant's liability if the evidence had been contradictory thereon, and plaintiff may not complain of it upon the ground that there was no such contradiction.

But it is insisted that defendant is estopped to rely upon the defense she made, but which, if true, would practically destroy all defenses to actions on such instruments, unless brought by the original parties to the transaction, which in this case would have been one by Miss Pennington against defendant if the writing sued on had been issued to her and transferred by her to plaintiff. Plaintiff in this case knew that the blanks in the writing were not filled at the time defendant signed it, since she testified that they were so filled by Miss Pennington in her presence and in the absence of defendant. The instrument not being a negotiable one, plaintiff was bound by the authority that Miss Pennington possessed, and clearly defendant would not be barred by estoppel from proving it, since a defendant in an action on a nonnegotiable instrument is not estopped to interpose a secret defense that is not disclosed by the face of the instrument. Besides the disclosed facts do not contain one of the essential elements of an estoppel, which is that the one relying on it acted to his detriment. In this case the consideration for plaintiff's receiving the alleged check was a pre-existing debt against Miss Pennington. The check was not received in payment thereof, but only "for collection," and, when the check was not paid, it left plaintiff with all the rights that she ever possessed, i. e., to recover her debt of Miss Pennington if it was possible to do so, and the fact that her past-due debt is a sufficient consideration for her acceptance of the check under the Negotiable Instruments Act, will not serve to supply such necessary element of an estoppel.

Again, it is argued that defendant, after the check was not paid, promised to pay it, and for that reason she may not interpose the defense contained in her answer. But that argument is susceptible to two answers: (a) That there was no consideration for it; and (b) that this action is not based on that promise, but on the instrument itself.

After a careful consideration of the entire record, we have concluded that the judgment was proper, and it should be and is affirmed.

The whole court sitting.