## Fidelity & Columbia Trust Co. v. Huffman.

(Decided Feb. 22, 1935.)

(Rehearing Denied May 17, 1935.)

478

WM. MARSHALL BULLITT, LEO T. WOLFORD and BRUCE & BULLITT for appellant.

BEN H. RILEY and NORTHCUTT & NORTHCUTT for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The action out of which this litigation sprung was filed in the Boone circuit court on December 18, 1925, by Keith and H. B. Huffman v. Richard P. Martin et al. to recover the balance of $4,000 of a once larger note and accumulated interest. It pursued a snaillike course until the rendition of the contested order and judgment against appellant, Fidelity & Columbia Trust Company, made on April 16, 1932. An attachment was gotten out in the original action and appellant was summoned as a garnishee. It filed its answer or response in which it stated, in substance, that it did not owe the defendant Martin any amount at that time, but that it was trustee of a fund which it had in its possession of about $5,000, and that the father of Martin had a life interest in it and that at his death there would be due the defendant Martin one-seventh of that fund. No order was taken concerning that response.

One year and seven months from that date and on December 14, 1927, a judgment was rendered in the case dismissing the action of the Huffmans and expressly discharging the attachment. They executed a supersedeas bond with the clerk of the Boone circuit court on that same day, but it nowhere appears that any supersedeas was issued on that bond, or that one did actually issue, except the presumption that the clerk did his duty and actually issued one. In due time an appeal was prosecuted to this court, and on November 2, 1928, we reversed the judgment in the case of Huffman v. Martin, 226 Ky. 137, 10 S. W. (2d) 636. Five months and six days from the rendition of that opinion and on

April 8, 1929, the mandate from this court was filed in the Boone circuit court. In the meantime, appellant had amended its response by stating that since filing its first one the father of the defendant Martin had died and his life interest in the trust fund that it held was terminated and that the defendant was entitled to his aliquot part thereof amounting to $705.18. No order or direction was then taken concerning that response.

On December 18, 1929, four years after the action was filed and more than one year after our opinion, supra, plaintiff entered motion to require the appellant as garnishee to pay into court or to plaintiff the amount of money disclosed by its response, and that motion was sustained and the court ordered the payment of the amount by the garnishee "or show cause if any it has or can why it should not do so at the next April 1930 term." Within the time given, and on April 17, 1930, appellant responded to that order and stated that before the appeal, supra, was prosecuted to this court it (garnishee) was presented a copy of the court's judgment dismissing the action and discharging the attachment and it paid to defendant Martin, or for his benefit, the sum due him as his portion of the trust funds in its hands which was the amount that it had stated in its response as garnishee; that no supersedeas had ever been served on it; and that at the time of such payment it had no knowledge of the prosecution of the appeal, or the execution of any supersedeas bond, or the issuance of any supersedeas thereon.

No action was taken at that time on that response, but eight months thereafter and on December 17, 1930, the court entered this order: "The response of the defendant, Fidelity and Columbia Trust Company, to a rule ordered herein on the 19th day of December, 1929, requiring it to show cause why it should not pay into Court the money in its possession owing to the defendant, Richard P. Martin, coming on for hearing and being heard by the Court is deemed sufficient and it is ordered that said rule be and the same is now discharged." On the 20th day of April, 1931, this order appears of record: "It is ordered by the court that this case be filed away with leave to redocket." On December 23, 1931, a motion was made to set aside all orders made in the case since the filing of the mandate,

and which the court sustained, but not till April 13, 1932, and it then expressly directed that the order and judgment, supra, of date December 17, 1930, adjudging the response of appellant sufficient and discharging the rule against it be vacated, set aside and held for naught, and on the same day it issued another rule against appellant, in substance, the same as the first one.

Three days thereafter and on April 16, 1932, an order was entered making the rule issued three days prior thereto (April 13, 1932) absolute, and adjudged that the responses theretofore filed by appellant as garnishee were insufficient and directed that it pay the amount disclosed therein into court within thirty days after the expiration of that term of the court, and upon its failure to do so the plaintiff "may have execution against the said garnishee therefor." On April 25, 1932, appellant responded to that order in substance the same as its response to former rules, and on August 15, 1932, it moved to set aside the order of April 16, 1932, because it was void for reasons stated, but the court overruled its response as well as its motion, and from which orders and judgments against it this appeal is prosecuted.

On the first consideration of the appeal we reversed the judgment because the record brought here did not disclose the execution of any supersedeas bond when the appeal, supra, of the case of Huffman against Martin was taken, and we held that without the execution of such a bond and the issuance of a supersedeas the payment by the garnishee of the amount in its hands due defendant was a valid acquittance. With the filing of a petition for rehearing by appellee, there was tendered a supplemental record showing the execution of the supersedeas bond which destroyed the grounds upon which our first opinion herein was based. Some question is made as to the right of appellee to supply the omitted portions of the record after the appeal has been considered and determined by us, and when the omitted parts sought to be supplied affect the merits of the appeal. The question was before us in the case of Owings v. Rider, 242 Ky. 408, 46 S. W. (2d) 506, and in which we declared that an appellee may amend the record, after opinion of this court on appeal, upon a petition for a rehearing filed by him after the appeal was determined adversely to him, and have the case recon-

sidered on the amended record; but that no such right exists in favor of the appellant who brought the record to this court. Under the ruling of that opinion it was and is competent for the appellee to amend the record in the manner we have indicated. After concluding to reverse the judgment herein, upon the ground stated, it became unnecessary to consider or determine any other ground relied on for a reversal, and which was not done. But, since our first ground has been eliminated by the filing of the supplemental record by appellee, it becomes necessary to determine whether any other grounds urged for reversal are meritorious.

One of them is, that the order, supra, of date December 17, 1930, made after the filing of the mandate from this court, whereby the response of appellant was adjudged sufficient and the rule against it was discharged, was a final order from which an appeal might be prosecuted to this court, and that the later order made at a subsequent term of the court (April 13, 1932) setting it aside was ineffectual and void because the court had lost jurisdiction of the particular matter in rendering its final order holding appellant's response sufficient and discharging the rule against it. The question to be determined therefor on this phase of the case is whether or not the discharging order (December 17, 1930) was and is a final one. If so, then it necessarily follows that the court had no jurisdiction to set it aside at a later term and render the one appealed from, a totally contradictory one.

Section 266 of the Civil Code of Practice says: "An order for the discharge of an attachment, made at or after the rendition of judgment in the action, shall be final; and cannot be reinstated as is authorized by section 270; but shall be the subject of appeal if the amount in controversy be such as to authorize an appeal. An order sustaining an attachment shall, in like manner, on the rendition of judgment in the action, be the subject of appeal." At the time of entering the order of December 17, 1930, the judgment that we directed to be entered by the mandate of this court had not been entered by the court, although the mandate was filed several months prior thereto and a specific judgment was directed. The court had nothing to do but to act administratively in carrying out the directions of this

court, but which for some cause, unexplained by the record, was deferred, and if the Code section embraces orders affecting liability of garnishees, it would seem that the provisions of the section of the Civil Code of Practice, supra (266), should govern the practice in this case, notwithstanding the mandatory direction of this court had not been carried out by entering the directed judgment of record when the order releasing appellant was entered. We, therefore, conclude that under the circumstances the section of the Code would be applicable so as to render the order of December 17, 1930, discharging the rule against appellant a final order from which an appeal could be prosecuted to this court, conceding that its provisions embrace and apply to a mere garnishee. See Jennings v. Sanders Deposit Bank, 213 Ky. 479, 281 S. W. 476.

However, our interpretation of that section leads us to the conclusion that the finality of such an order against a mere garnishee is not impaired because entered before final judgment in the cause as is required by it with reference to a party litigant in the action. In such a (garnishee) case one of the litigants seeks to impound in the hands of a stranger to the action a fund which he seeks to appropriate, and the question always is, whether the one holding the fund (usually termed "garnishee") is indebted to or owes the amount sought to be impounded to the one from whom it is sought to be recovered, and which issue has nothing whatever to do with the merits of the case as between the real parties to the action, the garnishee not being one of them. When it is adjudged that the latter by his response has shown that he is not indebted to the person sought to be charged and it is determined that such response is sufficient and the rule against him is discharged, the order doing so is tantamount to an adjudication that there are no funds in his hands reachable by the garnishee process, and for which reason he, as said in this case, "is now discharged." After the entry of such an order, the garnishee is released, unless it be legally suspended in some manner, and he becomes relieved of any efforts to protect his interest as a continuing debtor of his attached creditor, and may conduct himself accordingly. In such circumstances the garnishee, or stakeholder, has the right to shape his future conduct upon the status fixed by the discharging order, since it would be su-

premely inequitable to hold that he could thereafter be subjected to the hazards of a possible vacation of that order at a subsequent term of the court to be followed by another contradictory one holding him liable, but which was exactly what happened in this case, the latter steps being taken one year and four months and one day after the discharging order of appellant was made and became final. It is true that in this case appellant had paid to defendant the impounded funds due him in its hands before the discharging order was made—the order of discharge being based upon that very fact—but if plaintiff in the action was dissatisfied with it, it was his duty to appeal therefrom to this court for a review here upon the facts affecting the garnishee's liability which then existed and which were never thereafter altered or changed.

In substantiation of the latter conclusion (i. e., that the provisions of section 266 of our Civil Code of Practice are not applicable to an order adjudging a garnishee not liable for the funds alleged to be in his hands), but a cursory reference to the Code section is all that is required. It will be perceived that it only embraces and applies to orders "for the discharge of an attachment," when made at or after the rendition of judgment in the action, and which we conclude is an entirely distinct thing from the discharging of a garnishee or a judgment finding him not liable for the payment of the amount sought to be impounded in his hands. The only effect of such an order is a judicial determination that the particular item of incorporeal property which the plaintiff in the action seeks to appropriate to his debt is not subject thereto, because the one holding it (garnishee) is not under any obligation to pay it to the defendant in the action. In other words, that the garnishee is not indebted to him, and which order can affect in no way the ancillary attachment in the case or any other property that may have been levied on under the attachment. The entire substance and effect of such a discharging order is that the incorporeal item of property sought to be subjected by plaintiff in the hands of the garnishee is, for some reason satisfactory to the court, not liable to be so appropriated, and which is necessarily a final order as between the parties to that issue, it being one exclusively between the plaintiff in the action and the garnishee. See the text in 3 C. J.

484

552, sec. 392, 12 R. C. L. 841, sec. 78, and Forepaugh v. Appold, 17 B. Mon. 625, in which it was held that a garnishee might appeal from an order holding him liable upon the idea that the order was a final one, and from which case it logically results an order discharging him would likewise be final entitling the plaintiff in the action to the same relief by appeal.

From all of which it follows that if appellant in this case is embraced by the provisions of section 266 of our Civil Code of Practice, supra, the order releasing it was a final one that the court could not vacate or modify at a subsequent term. But on the other hand, if appellant is not embraced by the provisions of that section, then the order discharging it became a final one whether entered at the time of, subsequent to, or before the final judgment in the cause as between plaintiff and defendant. Hence, in either event plaintiff, in order to be relieved from that discharging order, was called upon to take the proper steps to and subsequently perfect an appeal therefrom, and in the meantime to preserve his rights by executing a supersedeas bond followed by an issuance of a supersedeas, none of which was done in this case.

We, therefore, conclude that the court erred in rendering the order appealed from, and the judgment is reversed, with directions to set it aside and for proceedings consistent with this opinion.