## Rider v. Roberts.

(Decided Nov. 15, 1935.)

BIRD & BIRD and L. L. WALKER for appellant.

WILLIAMS & DENNY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

This is an appeal from a $3,000 judgment recovered September 21, 1934.

This case has been here before. See 255 Ky. 266, 73 S. W. (2d) 17, and a somewhat similar case may be found in Owings v. Rider, 241 Ky. 756, 45 S. W. (2d) 487, and Id., 242 Ky. 408, 46 S. W. (2d) 506.

Upon the former appeal of this case, we reversed a directed verdict for Mrs. Rider. There is no material difference in the evidence, hence the former opinion is the law of the case. Mrs. Rider filed five grounds in support of her motion for a new trial, but upon this appeal she has not directed attention to these grounds, but has discussed with elaboration the question of whether or not this check is a negotiable instrument.

It is a negotiable instrument, but it is sued on by Mrs. Roberts, the original payee, and. Mrs. Roberts is not a holder in due course. See Sweeney v. Taylor's Ex'r, 205 Ky. 390, 266 S. W. 665; Coral Gables, Inc., v. Barnes, 247 Ky. 292, 57 S. W. (2d) 18; Rommel Bros. v. Clark, 255 Ky. 554, 74 S. W. (2d) 933; 8 C. J. pp. 468, 469, 470, sec. 686; Brannon on Negotiable Insts. (5th Ed.) pp. 513, 514; Section 3720b-58, Ky. Stats.

For another reason, however, Mrs. Rider is estopped to make such defense as she is now asserting which is in effect the holding in the former opinion, which is now the law of the case. We felt then that this question might be so developed in the evidence on this trial as to make an issue to be submitted to the jury, but it was not. Mrs. Roberts was entitled under this evidence to

a directed verdict, and the jury having found for her under the instructions given, any error in them is immaterial.

Judgment affirmed, the whole court sitting.