## Bush v. Niblack et al.

(Decided October 27, 1931.)

HARVEY T. LISLE and C. F. SPENCER for appellees.

C. C. TURNER and MARCUS C. REDWINE for appellant.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN
—Affirming.

The appellant, in the early part of 1930, leased his farm in Clark county to the appellee for a year beginning March 1, and the appellee made, executed, and delivered to the appellant for part of the rent two promissory notes, each for the sum of $300. One of these notes was renewed, and, at the time this suit was instituted on the 19th day of November, 1930, they bore date March 1, 1930, and September 1, 1930, respectively, and were both due on February 1, 1931. Although the notes were not due when this suit was filed, the appellant undertook by this suit to enforce the collection of the same and to enforce a lien to secure the same which he claimed to have. It may be said in passing that whatever lien he had was statutory and not contractual. Appellant in his original petition asked for a general order of attachment, and, as grounds for such order, he stated that the appellee had absconded from Clark county, leaving no word as to his intention of returning or of the time when he would return, and that appellee was about to sell and otherwise remove and dispose of his property with the fraudulent intent to cheat, hinder, and delay the appellant in the collection of his demand, and that appellee had threatened to sell and dispose of his property without leaving enough thereof to satisfy the appellant's demand. In his prayer, the appellant prayed judgment on his notes, for his costs, a general order of attachment, and all equitable relief. An attachment was issued and levied by the sheriff on a lot of tobacco, two cows, one calf, two heifers, and one Durant automobile. On the 2d day of December an alias attachment issued and was levied on a tobacco setter and a Durant automobile. A demurrer was sustained to the petition of the appellant, and thereupon he filed an amended petition. In this amended petition he alleged that his cause of action was in equity, and he asked that this action be transferred to equity, and, as further grounds for the attachment, and in addition to those set up in the original petition, he averred that, at the time this action was instituted, the appellee was

absent from the state, that he had departed from the state, with the intention of defrauding his creditors, and that he was about to sell, convey, transfer, or otherwise dispose of his property with the fraudulent intent to cheat, hinder, and delay his creditors. This amended petition admitted that the appellant's demand had not yet matured, but he asked that the property be held in the court's control until final judgment in the case. Appellant specifically averred that he brought this action as an equitable one for indemnity in favor of himself as a creditor of the appellee. Appellant also averred that the appellee, before leaving the state, had actually transferred and delivered some of his property to his kinsmen, but there is an entire absence of any averment as to the intent with which such alleged transfer had been made. Appellant's prayer in the amended petition was in accord with the allegations of such amended petition.

The appellee by his answer traversed all of the grounds of attachment set out in the original and amended petitions, denied that he was the owner of the tobacco setter, one brown Jersey cow, one yellow Jersey cow and calf, and one Durant automobile. He further asserted his exemptions as a housekeeper. By an intervening petition, appellee's wife claimed ownership of the brown Jersey cow, the yellow Jersey cow and calf, and the Durant automobile. Appellant by a reply traversed the wife's ownership of the property claimed by her, denied that she had paid any consideration for it, and alleged that she had not in good faith bought the property. Appellant also traversed the answer of the appellee, and denied that the tobacco setter was the property of one Albert Adams, as appellee had asserted. Later the case came on to be heard on the motion of the appellee to discharge the attachment. The court heard evidence, and ruled, first, that this action was a proceeding under section 237 of the Civil Code of Practice, and, secondly, that the testimony failed to sustain the grounds of attachment set out in the petition as amended. After making these findings, the court discharged the attachment, and this appeal results.

The only evidence heard was that which was introduced by the appellant. After outlining the leasing of the farm to the appellee, he stated that the appellee had moved onto the leased place in the spring of 1930 with nine cows and a heifer or two, a pair of mules, a tobacco setter, a couple of automobiles, and a lot of feedstuff;

that about the middle of the summer appellee quit the milk business and opened a restaurant in town, at which time some of the cows were removed from the farm, that the tobacco setter was taken away some time before the appellee set his own tobacco, which, of course, would have been in the spring of the year. Appellant further testified that appellee left Winchester about three or four days before this suit was brought, but that he had been unable to find out anything concerning when appellee intended to return. Appellant admitted that, at the time the suit was brought, there were four cows and a heifer, some horses and tobacco yet on the farm. He further admitted that the appellee was a married man with a family which continued to reside on the farm while appellee was away from Winchester.

Appellant's next witness was Dr. Snowden, who was surety on the notes of appellee herein sued upon. On discovering that the appellee had left Clark county, Dr. Snowden made some inquiries, and found that a telegram had been sent to appellee at Cincinnati, on receipt of which he returned to Winchester. This telegram seems to have informed the appellee that his son had been hurt in an automobile wreck, a conceded subterfuge to get appellee to return. Dr. Snowden further testified that in the spring of the year appellee claimed the ownership of all of the property which the sheriff had attached in this action. He further testified that the wife claimed ownership of the cows and automobile by virtue of a bill of sale dated a few days before appellee had left Winchester. Appellant put an automobile salesman on the stand who testified that he had sold appellee two Durant automobiles, the first having been traded in for the second one. He admitted that Mrs. Niblack had told him that she was the buyer of the first car and had paid for it. This was all the testimony that was introduced.

As grounds for reversal, appellant insists, first, that he had a right to the attachment herein sued out by virtue of section 2302 of the Statutes, and that the court erred in holding that this was a proceeding under section 237 of the Civil Code of Practice, and not one to enforce a landlord's lien given by that section 2302 of the Statutes. Appellant's amended petition, which we have outlined above, is a complete refutation of this contention. Under section 2302 of the Kentucky Statutes, the attachment authorized by that section must be issued by a justice of the peace, police judge, or a judge of the

quarterly court of the county where the land lies. No such proceeding was instituted here. Under the amended petition, appellant unequivocally asserted that his cause of action was one for indemnity for a debt not due. This is the proceeding authorized by section 237 of the Civil Code of Practice. In order to procure an attachment under that section of the Code, it is necessary for the attaching creditor to rely upon the grounds either that the debtor is about to depart from the state, and with intent to defraud his creditors has concealed or removed from the state his property, or so much thereof that the process of court after judgment cannot be executed, or that there exists against the debtor any of the grounds for an attachment which are mentioned in subsections 3 to 8, inclusive of section 194 of the Civil Code of Practice. There is a total failure of proof to sustain the first of these alternatives. There is no proof that any of the appellee's property was concealed, and no proof that any of it was removed from the state. It is not sufficient merely to show a departure from the state on the part of the debtor, but there must further be shown that the property was concealed or removed from the state with intent to defraud creditors.

Considering the other alternatives upon which an attachment may issue under this section 237 of the Code, we find that, under subsection 3 of section 194, an attachment is authorized if the debtor has departed from the state with intent to defraud his creditors; under subsection 4, if the debtor has left the county of his residence to avoid service of summons; under subsection 5, if he has so concealed himself that a summons cannot be served upon him; under subsection 6, if he is about to remove, or has removed, his property or material part thereof out of this state, not leaving enough therein to satisfy the creditor's claims; under subsection 7, if he has sold, conveyed, or otherwise disposed of his property, or suffered or permitted it to be sold, with the fraudulent intent to cheat, hinder, or delay his creditors; under subsection 8, if he is about to sell, convey, or otherwise dispose of his property with such intent. It will be noted from the resume of the petition as amended that only two of these various grounds were relied upon in the pleadings: First, that appellee had departed from the state with the intent to defraud his creditors; and, secondly, that he was about to sell, convey, or otherwise dispose of his property with such intent. There is no

118

averment that he had sold his property theretofore with such intent. There is not a line of proof in the record that appellee was about to sell any more of his property than it is claimed he had sold prior to the bringing of this suit. There is some proof that he had sold a tobacco setter six months previous to the institution of this action, and that he had sold some cows during the summer months when the pasturage failed in the very dry spell of that year, and that he had given to his wife a cow and an automobile just before he left for Cincinnati. But there is proof that this automobile was paid for, at least in part, by an automobile which the wife owned. This is not a suit, as appellant seems to think it is, to set aside a transfer between appellee and his wife, but to sustain an attachment on the grounds set up in the pleadings. The proof is very nebulous as to whether appellee's departure from the state was permanent or not. At least he left all of his property here in the state, with the exception of a few personal effects he might have taken with him, and there is no proof that he left with any intent to defraud his creditors.

There being a total failure of proof to sustain the grounds set up in the pleadings for the issuance of the order of attachment, the court did not err in discharging the attachment, and its judgment is affirmed.