Rena W. EVANS, Appellant,

v.

Charles E. KROH et al., Appellees.

Court of Appeals of Kentucky.

Nov. 18, 1955.

Robert R. R. Boone, Pineville, for appellant.

Thomas Z. Board, E. P. Nicholson, Jr., Middlesboro, for appellees.

MONTGOMERY, Judge.

Rena W. Evans filed an action for indemnity under KRS 425.375 against Charles E. Kroh and his wife. Judgment was rendered in favor of the defendants, from which an appeal has been taken.

Appellant made a lease for thirty years to one Chola B. Noe for one acre of unimproved land fronting about 100 feet on U. S. Highway 25E, located about five miles from Middlesboro, Kentucky. The lease was dated October 21, 1948. The term began July 1, 1949.

Kroh purchased the rights of Chola B. Noe under the lease. On July 19, 1952, a "Lease Agreement and Contract Supplement", adopting the terms of the Evans-Noe lease, with certain exceptions, was executed. Pursuant to this agreement, there was erected upon the leased property a building, which was completely destroyed by fire in February or March, 1954.

The lease provided that Kroh should pay a rental for the leased property of $20 per month until July 1, 1954, and thereafter of $45 per month. The rental was due from month to month, payable on the first day of each month in advance.

This action was filed March 23, 1954, at which time the next rental to be paid would have been due on the first day of the succeeding month. Appellant claims that she should have indemnity for $13,560, the amount of the future rental to become due under the lease.

Kroh had four policies of insurance totaling $8,000, covering the loss of the destroyed building. The insurance companies were made parties to the action and answered as garnishees. A warning order was issued against Kroh and his wife as nonresidents. They answered and defended the action. Summary judgment was rendered in favor of appellees. The trial court held "that the plaintiff has failed to state facts showing the existence of a debt within the meaning of the sections of the statute (KRS 425.375)."

Appellant sought to proceed under KRS 425.375, formerly Civil Code, Section 237. The pertinent part of the statute is as follows:

"(1) Before a debt or liability upon a contract becomes due or matures, an equitable action for indemnity may be brought by a creditor against his debtor; by a surety against his principal; or by one who is jointly liable with another for such debt or liability, against the latter."

It is necessary to determine the meaning of "debt or liability" as used in the statute.

The above statute is remedial in nature. It provides both a right and a remedy. As such, it falls within the rule of statutory construction that a remedial statute, which grants a right or provides a remedy, must be strictly followed in all respects. Norfolk & W. Ry. Co. v. McCoy, 288 Ky. 458, 156 S.W.2d 493.

All words and phrases shall be construed according to the common and approved usage of language. KRS 446.080(4). In the ordinary sense, a "debt" has been defined as an unconditional and legally enforceable obligation for the payment of money. Elliott v. Fiscal Court of Pike County, 237 Ky. 797, 36 S.W.2d 619; C. I. R. v. McKay Products Corp., 3 Cir., 178 F.2d 639, certiorari denied 339 U.S. 961, 70 S.Ct. 996, 94 L.Ed. 1370. It is not merely a promise to pay money. It involves the relationship of debtor and creditor, of borrower and lender. Park and 46th Street Corp. v. State Tax Commission, 295 N.Y. 173, 65 N.E.2d 763.

The basic idea of "debt", as a legal term, is that an obligation has arisen out of contract, express or implied, which entitles the creditor unconditionally to receive from the debtor a sum of money which the debtor is under legal, equitable, or moral obliga-

tion to pay without regard to any future contingency. 26 C.J.S., Debt, p. 2. The elements of debt are discussed in 26 C.J.S., Debt, p. 4, as follows:

"Every debt must be either solvendum in praesenti, or solvendum in futuro—must be certainly, and in all events, payable; whenever it is uncertain whether anything will ever be demandable by virtue of the contract, it cannot be called a 'debt,' since debt is a liquidated demand, the payment of which is not dependent on the happening of any contingency or the performance of any condition. While the sum of money may be payable upon a contingency, yet in such case it becomes a debt only when the contingency has happened, * * *."

There are three relationships mentioned in KRS 425.375 that give rise to the right of indemnity. They are: creditor against debtor; surety against principal; and joint debtor against joint debtor. In each situation, a right and remedy are given because there is a debt already incurred with a certain unconditional obligation to pay.

■ None of the three relationships entitled to indemnity existed between appellant and Kroh when this action was filed. There was an obligation to pay rent under the lease contingent upon the peaceable enjoyment and possession of the premises. The obligation to pay rent was not an unconditional one, since it was contingent upon the future use and enjoyment of the leased property by Kroh and could be terminated by eviction. The relationship of lessor-lessee is not always coexistent with that of debtor-creditor, since the latter relationship arises only upon the failure of the lessee to pay the rent agreed upon at the time in the future fixed by the lease. An interruption of the peaceable enjoyment and possession of the leased property under certain circumstances would excuse the lessee from the obligation to pay any future rental.

In Whitaker v. Hawley, 25 Kan. 674, approved in Wattles v. South Omaha Ice &

Coal Co., 50 Neb. 251, 69 N.W. 785, 790, 36 L.R.A. 424, a lease was defined as:

"'* * * a running, rather than a completed, contract. It is an agreement for a continuous interchange of values between landlord and tenant, rather than a purchase single and completed of a term or estate in lands.'"

The trial court was correct in holding there was no debt owed by Kroh to appellant under the lease within the meaning of the statute, since there was no debt owed at the time the action was filed and the obligation to pay future rentals was contingent or conditioned upon the maintenance by lessor of lessee in peaceable possession of the premises.

The appellant is still in the position she was in when the lease was executed, so far as the obligation of Kroh to pay rent is concerned. She had not required any indemnity at that time for the payment of the rent. Had Kroh moved out of the state the next day after the execution of the agreement, he would still have remained under the same obligation to pay rent, and appellant would not have had any right to indemnity. No question of abatement or apportionment of rent is involved in this action.

The word "liability" has a number of different meanings. The particular significance it has in each instance is to be gathered from the context in which it appears, and it is to be construed in the light of surrounding circumstances. A liability may be absolute or contingent. 53 C.J.S., Liability, pp. 17–19. Since a "debt" must be certain and not contingent, it is with respect to this element of certainty that "debt" and "liability" may be in opposition. Therefore, since we have concluded that "debt", as used in the statutes, means an existing obligation to pay which is not dependent upon the happening of any event or contingency to give it birth, we further conclude that "liability" as so used is synonymous with "debt" and takes its meaning from the same context.

It was held in Daniels v. Goff, 192 Ky. 15, 232 S.W. 66, relied upon by appellant, that

"existing liabilities" meant something more than the fixed and certain debts which had theretofore been incurred, or else the expression "debts" or "indebtedness" would have been used in lieu of the word "liabilities". The word "liabilities", as used in the statute, formerly Kentucky Statutes, Section 1907, now KRS 378.020, was held to be used in a broader sense so as to include debts as herein defined and existing obligations which may or may not in the future eventuate in an indebtedness. In KRS 378.020, as re-enacted, the word "creditors" has been used instead of "liabilities". The case is distinguishable on the basis that a different statute involving different context is concerned. "Liabilities", as used in Daniels v. Goff, does not control the meaning of the word as used in KRS 425.375.

The cases of Huffman v. Martin, 226 Ky. 137, 10 S.W.2d 636, and Bush v. Niblack, 241 Ky. 113, 43 S.W.2d 505, relied upon by appellant, both involve actions on notes which were unconditional obligations to pay in the future without the happening of any further contingency. In the Bush v. Niblack case, the notes were for rent for a single year constituting "a purchase single", as described in Wattles v. South Omaha Ice & Coal Co., supra. Neither case supports appellant's contentions, in our view.

Judgment is affirmed.